# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ISIAH JAMES, JR.,                )
                                 )   CIVIL ACTION NO. 9:07-4163-TLW-BM
                Petitioner,      )
                                 )
v.                               )
                                 )
LEVERN COHEN, WARDEN,            )
                                 )   **REPORT AND RECOMMENDATION**
                                 )
                Respondent.      )
_____)

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on December 13, 2007.[1] Petitioner is an inmate in the South Carolina Department of Corrections ("SCDC"), being housed at the Ridgeland Correctional Institution ("RCI").

The Respondent filed a return and motion for summary judgment on May 15, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 16, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised in that order that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition, captioned "motion for judgment on the pleadings", on

---

[1] Since there is no filing date on the envelope, the undersigned has used the date on the petition.



May 22, 2008. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner challenges the judgment resulting from an October 2006 South Carolina Department of Corrections ("SCDC") disciplinary hearing that took place at RCI.[3] This disciplinary hearing arose after the Petitioner tested positive for THC (marijuana) following a random drug test conducted by SCDC on September 7, 2006. See Respondent's Exhibit 1. A confirmation test and a subsequent drug test conducted by an outside lab confirmed the results from the initial test, and on or about September 12, 2006, the Petitioner was charged with a Code 903 violation, Use or Possession of Narcotics, Marijuana, or Unauthorized Drugs, Including Prescription Drugs or Inhalants. See Respondent's Exhibits 1, 2, and 3.

An extension was granted, resulting in the disciplinary hearing for this charge being held on October 10, 2006. See Respondent's Exhibits 4 and 5. At the conclusion of the hearing, Petitioner was convicted of the underlying charge and sanctioned with loss of privileges and disciplinary detention. see Respondent's Exhibit 5. Respondent represents, and the Petitioner does not dispute, that Petitioner was also not permitted to earn good time credits for the month during which the incident occurred, although this is not reflected on the Disciplinary Report. Id.

Following the conviction, Petitioner filed Step 1 and Step 2 grievances with SCDC, both of which were denied. See Respondent's Exhibits 6 and 7. Petitioner thereafter appealed the

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Prison disciplinary convictions may be reviewable under §2254. Gordon v. Procunier, 629 F.Supp. 192, 193 (S.D.Tex. 1985), citing Preiser v. Rodriquez, 411 U.S. 475, 487 (1973); see also White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004).



denial of these grievances to an Administrative Law Judge (ALJ), which was denied and dismissed by the ALJ on May 7, 2007 pursuant to <u>Slezak v. South Carolina Dep't of Corrections</u>, 605 S.E.2d 506 (S.C. 2004), on the grounds that Petitioner had not been deprived of a state created liberty or property interest since his sanctions did not include the loss of any good time credits[4] and his conviction did not otherwise contest the calculation of his sentence, sentence related credits, or his custody status. <u>See</u> Respondent's Exhibit 8.

Following the dismissal of Petitioner's appeal to the ALJ, he attempted to appeal the ALJ's order to the South Carolina Court of Appeals. However, Petitioner's appeal was dismissed on July 18, 2007 on the grounds that he had failed to pay the one-hundred dollar ($100) Notice of Appeal filing fee and failed to provide proof of service to the Administrative Law Court and the other parties in the case as required under the South Carolina Appellate Court Rules. <u>See</u> Respondent's Exhibit 9. After Petitioner failed to file a Petition for Reinstatement, the Remittitur was issued on August 18, 2007. <u>See</u> Respondent's Exhibit 10.

In his <u>pro se</u> Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

**Ground One:** Denied the Right to Appeal and Due Process and Equal Protection of the Law(s).

**Ground Two:** Arbitrary and Capricious Action(s) and Decision(s) Denied Due Process of Law(s) and Further Denied Equal Protection of Law(s).

**Ground Three:** Petitioner reserves the right(s) to amend this Petition with additional claim(s) under rule 15 FRCP should pending state court appeal(s) raise federal question.

---

[4]Based on the filings and representations before this Court, this ruling was apparently incorrect. <u>See</u> Respondent's Brief, p. 2; Petitioner's Response Brief, pp. 1-3.

3



See Petition, pp. 6-9.

**Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire Petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review of the pleadings, exhibits, and applicable case law, the undersigned finds and concludes that the Respondent is entitled to summary judgment in this case.

Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir. 1997). To exhaust state court remedies in South Carolina, an inmate must appeal the final decision of the SCDC pursuant to the South

4



Carolina Administrative Procedures Act ("APA"), S.C. Code Ann. § 1-23-310 through § 1-23-400. See Al-Shabazz v. South Carolina, 527 S.E.2d 742, 754-756 (S.C. 2000).  Under the APA, if an inmate is not satisfied with the agency's final decision, the prisoner must first file an appeal with the ALJ.  See S.C.Code Ann. §1-23-380; Furtick v. S.C. Dep't of Corrections, 649 S.E.2d 35, 37-38 (S.C. 2007)[ALJ had jurisdiction over loss of good-time credits which inmate was unable to earn due to reprimand for a rule infraction]; see also Dicks v. S.C. Dep't of Corrections, No. 06-663, 2006 WL 1207851 (D.S.C. May 2, 2006).  In this case, Petitioner appealed the final SCDC decision to the ALJ. The ALJ dismissed Petitioner's appeal on May 7, 2007 under Slezak v. South Carolina Dep't of Corrections, on the grounds that Petitioner had not been deprived of a state created liberty or property interest since he had not lost any good time credits and was not otherwise contesting the calculation of his sentence, sentence related credits, or his custody status.  See Respondent's Exhibit 8.

However, if the decision of the ALJ is not favorable, the APA requires that the inmate must then pursue review by the South Carolina Court of Appeals.  S.C. Code Ann. § 1-23-380(A). Here, although Petitioner did initially attempt to appeal the ALJ's order to the South Carolina Court of Appeals, the appeal was dismissed because Petitioner failed to pay the filing fee and failed to provide proof of service to the Administrative Law Court and the other parties in the case as required under the South Carolina Appellate Court Rules.  See Respondent's Exhibit 9.  There is no evidence Petitioner attempted to correct these deficiencies or that he ever perfected his appeal.

"Appeal of an ALC [Administrative Law Court] decision involving a final decision of SCDC is required to exhaust state court remedies for § 2254 purposes."  See Servey v. S.C. Dep't of Corrections, No. 07-3400, 2007 WL 4376076, * 2 (D.S.C. Dec. 13, 2007); James v. Ozmint et al., No. 05-1294, slip. op. (D.S.C. Aug. 21, 2006)[Finding petition procedurally barred where Petitioner

5



failed to appeal dismissal by the ALJ on procedural grounds]. While Petitioner does not dispute that he did not exhaust his state court remedies, he argues that he did not "deliberately" bypass the state procedures. However, 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process; rather, Petitioner just did not properly complete it, and the undersigned does not find that the process provided here was ineffective in protecting Petitioner's rights. Therefore, Petitioner has failed to exhaust his state court remedies.

Since this matter was not properly pursued by the Petitioner in the state court, federal habeas review of his claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

While Petitioner contends that he did not deliberately bypass the state court procedures, arguing that a motion to reconsider his pauper status was denied, the fact remains that Petitioner did not exhaust his state court remedies, and the reason offered for his failure to perfect his appeal does not constitute



the necessary "cause" under Coleman. Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if his claim is not considered. see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at the proceeding at issue to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the [offense] of which [he] was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, this Petition is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

7



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this federal Petition be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 16, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 294021

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9

