IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Isiah James, Jr., | ) |
| Petitioner, | ) |
| vs. | ) Civil Action No.: 9:07-4163-TLW-BM |
| Levern Cohen, Warden, | ) |
| Respondent. | ) |

## ORDER

Petitioner, Isiah James, Jr. ("petitioner"), brought this civil action, *pro se*, pursuant to 28 U.S.C. § 2254 on December 28, 2007. (Doc. #1). On January 16, 2009, the United States Magistrate Judge to whom this case was previously assigned issued a Report and Recommendation recommending that this Court grant the respondent's motion for summary judgment and dismiss this action. (Doc. #29). The petitioner filed initial and supplemental objections to the report. (Doc. #31, Doc. #32). On February 19, 2009, this Court issued an Order accepting the Report and Recommendation of the Magistrate Judge, thereby granting the respondent's motion for summary judgment and dismissing this action. (Doc. #34). The record in this case does not conclusively show when the petitioner received notice that summary judgment had been entered in his case.

On May 11, 2009, the petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals. (Doc. #37). In the notice of appeal, the petitioner asserts that he did not receive notice of the entry of this Court's judgment until April 24, 2009 and May 5, 2009. (Doc. #37). On November 14, 2009, the Fourth Circuit Court of Appeals issued an opinion noting that the petitioner's notice of appeal was untimely, but that the record was unclear as to when the petitioner actually received

notice that his action had been dismissed. (Doc. #43). The Fourth Circuit remanded this case for the limited purpose of determining whether the petitioner was entitled to reopening of the appeal period under Federal Rule of Appellate Procedure (4)(a)(6). (Doc. #43). Following the issuance of the opinion, the petitioner filed a declaration in an attempt to clarify the dates on which he received notice that his case was dismissed. (Doc. #44).

The Court has examined the record in this case in accordance with the provisions set forth in Federal Rule of Appellate Procedure 4(a)(6). This Court has determined that the record does not conclusively show when the petitioner, currently housed in a correctional facility, received notice that his action had been dismissed. The primary evidence of record is the declaration of the petitioner noting that he did not receive notice of the dismissal of his case until he received a letter postmarked April 23, 2009. (Doc. #44). The petitioner asserts that he subsequently wrote to the Clerk of Court and received a copy of the Order dismissing his case on May 5, 2009. (Doc. #44).

In applying Federal Rule of Appellate Procedure 4(a)(6) to the record as it exists before this Court, the Court concludes that a reopening of the time to file an appeal in this case is appropriate. The Fourth Circuit has recognized that a notice of appeal may be liberally construed as a motion to file an untimely appeal under Federal Rule of Appellate Procedure 4(a)(6) in appropriate circumstances. Brown v. Semo, 229 F.3d 1141 (4th Cir. 2000) (unpublished table decision) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). In this case, the notice of appeal was docketed on May 11, 2009, although the filing date appears to be May 7, 2009 under the provisions of Houston v. Lack, 487 U.S. 266, 276 (1988). Based on the record before this Court, the petitioner received actual notice that his petition had been dismissed on either April 24, 2009 or May 5, 2009. Thus, the petitioner filed his notice of appeal either nine days or two days after he received notice that his

2

case had been dismissed. Under Federal Rule of Appellate Procedure 4(a)(6)(B), a motion to reopen the time to appeal must be filed within seven days after the moving party receives notice that his case has been dismissed.[1] In the declaration, the petitioner raises a question as to whether he received any documents confirming that his case had been closed prior to May 5, 2009. (Doc. #44). Based on the limited record, the Court cannot determine whether the petitioner received notice that his case had been closed on April 24, 2009 or on May 5, 2009. Based on this factual question, which is a close question, the Court concludes that under the standards set forth in Federal Rule of Appellate Procedure 4(a)(6), the period for filing a notice of appeal should be reopened for a period of 14 days.

**Thus, the period for filing an appeal in this matter is reopened and the petitioner shall have 14 days from the filing date of this Order to re-file a notice of appeal.**

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

November 30, 2009
Florence, South Carolina

---

[1] The Court notes that Federal Rule of Appellate Procedure 4(a)(6) has been amended effective December 1, 2009 to extend the time period from seven days to fourteen days. The Court finds that the time period for filing an appeal in this case should be reopened under either version of Rule 4(a)(6).